TRINA A. HIGGINS, United States Attorney (#7349)
KELSY B. YOUNG, Special Assistant United States Attorney (#14076)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | : | Case No. 2:23-cr-00366 |
|---|---|---|
| Plaintiff, | : | |
| vs. | : | **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR DETENTION REVIEW** |
| DILLON TAFOYA, | : | |
| Defendant. | : | Magistrate Judge Dustin B. Pead |
| | : | |

The Court should deny the Defendant's motion to review detention. He has not met the requirements set forth in 18 U.S.C. § 3142(f)(2)(B). The evaluation conducted by Jen Thompson on October 27, 2024, should not qualify as information not known to the movant at the time of the prior hearings. The underlying information was known and available to the Defendant at the time of the prior detention hearings.

**PROCEDURAL HISTORY**

On September 15, 2023, Magistrate Judge Dustin B. Pead signed a Complaint against the Defendant for Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. §§

846 and 841(a)(1). The Defendant appeared on September 20, 2023, before Magistrate Judge Dustin B. Pead for Initial Appearance. (Docket Number No. 13) The Defendant was ordered temporarily held until a later detention hearing set for October 4, 2023. (Docket Number No. 19)

On October 3, 2023, the Grand Jury returned an Indictment against the Defendant for one count of Conspiracy to Distribute Fentanyl, a violation of 21 U.S.C. §§ 841(a)(1) and 846. (Docket Number No. 27) As charged, the Defendant is facing a maximum term of imprisonment of twenty years as prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904).

On September 27, 2023, the Defendant filed a stipulated motion to release him into Weber Recovery Center. On September 28, 2023, Magistrate Dustin B. Pead signed the Defendant's release order and ordered him to report to the federal courthouse on September 29, 2023, for imposition of the conditions of his release. On October 23, 2023, the Court entered an order setting conditions of release for the Defendant. (Docket Number No. 51)

On November 24, 2023, the Defendant completed the inpatient portion of Weber Recovery, less than a month after his release from the inpatient facility. After residential treatment, the Defendant moved back to Roy, Utah to live with his father and continue with outpatient treatment. At the beginning of December 2023, the Defendant stopped attending outpatient drug treatment classes. In early January 2024, the Defendant admitted that he had relapsed on drugs- all in violation of the Defendant's pretrial release conditions. (Docket Number No. 80) On January 23, 2024, the Defendant turned himself

in on the Court's warrant and a pretrial release violation hearing was set for January 29, 2024, before Magistrate Judge Dustin B. Pead. (Docket Number No. 86) At that hearing, the Defendant was ordered detained. (Docket Number No. 88)

On February 22, 2024, the defendant appeared before the Court for a detention hearing. The parties stipulated to the defendant's release to the 7th Street inpatient treatment facility. The defendant was ordered to be released on February 27, 2024 (Docket Number No. 95).

On April 1, 2024, the defendant appeared before the Court for a pretrial release violation hearing. The Defendant was terminated from 7th Street because he started to have an inappropriate romantic relationship with a resident in violation of the program's rules. At the hearing on April 1, 2024, with Magistrate Judge Dustin B. Pead, the Defendant was present in custody and the Court advised him of the allegations in the petition. The Defendant admitted to all allegations and the Government requested that the Defendant be detained, citing to the Defendant's continued non-compliance with supervised release as a reason to find that the Defendant is an unmanageable risk of danger and should be detained. In response, the Defendant submitted on the issue of detention. The Court revoked the Defendant's pretrial release and ordered the defendant be detained pending resolution of this matter. (Docket Number No. 111)

Also on April 1, 2024, the Court filed its Detention Order, making the following findings and conclusions: (Docket Number No. 115)

> The defendant is on pretrial release and has been accused of violating conditions of the same. The defendant admits allegations set forth by the United States Probation Office. Based on this admission, the court finds by clear and convincing

evidence that the defendant has violated the conditions of release. The court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f) and § 3148. The court concludes the defendant must be detained pending trial. In this case, a presumption of detention does not apply because the court finds insufficient evidence exists that the violation constitutes a federal, state, or local felony committed while on release. *Id*.

The Detention Order goes on to state:

Based on the evidence presented and information of record, the court finds the defendant is unlikely to abide by any condition or combination of conditions of release. Specifically, the court finds that the defendant is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released; and conditions which restrict Defendant's… personal contacts, and possession of drugs/alcohol… or any combination of these conditions or others currently proposed or available, will not sufficiently ameliorate the risks posed if the defendant is released. *Id*.

Defendant was released for a second time in February 2024 for drug treatment programming. He performed well in some regards but was removed due to an inappropriate and prohibited relationship with another client at the facility. He has the tools to be successful but, yet, not the willingness to fully abide. Detention is warranted. *Id*.

On November 11, 2024, the Defendant filed his Motion for Review of Detention ("Defendant's Motion") (Docket Number No. 138) In paragraphs 7-8 of the Defendant's Motion, the Defendant says underwent and evaluation by Jen Thompson, LCSW, on October 27, 2024, and that evaluation recommends that the Defendant be released to a "residential treatment facility." *Id*. The evaluation was filed with the Court under seal and provided to the government as Exhibit A. The United States responds herein.

### DEFENDANT'S MOTION

The Defendant appears to be requesting a review of detention because he got a subsequent evaluation that recommends he be placed in a "residential treatment facility." As part of the evaluation, Ms. Thompson specifically recommended that the Defendant

participate in an "ASAM 3.1[1] residential treatment program." Ms. Thompson recommended Journey Treatment Center for residential placement, to be followed up by outpatient treatment with Clinical Consultants in Ogden, Utah. The evaluation completed by Ms. Thompson is supported by the Defendant's self-reported information and the history of this case, including the January 2024 relapse and February 2024 termination from 7th Street. The Defendant has not shown that the information in the evaluation was not known to him at the time of original detention hearing. As such, the Court should deny the Defendant's motion for failing to meet the requirements of 18 U.S.C. § 3142(f)(2)(B).

## PERTINENT LAW

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may only be reopened

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing *and* that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

(emphasis added). See *United States v. Garcia*, 445 F.Appx. 105, 108 (10th Cir. 2011) (unpublished); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *United States v. Ward*, 234 F.Supp.2d 1183, 1185 (N.D.Okla.2002); *United States v. Flores*, 856 F.Supp. 1400, 1405 (E.D.Cal.1994).

"In order to show that the previously unknown information has a 'material bearing' on the issue of conditions of release, that information *must* relate to the relevant

---

[1] A clinically managed, low-intensity residential treatment (*See* americanadditioncenters.org)

factors listed in 18 U.S.C. § 3142(g)." *United States v. Hudak*, 2003 WL 27384957, at *6 (D.N.M. 2003) (emphasis added), *aff'd*, 77 F. App'x 489 (10th Cir. 2003).

> The 3142(g) factors are:
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>    (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>    (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## ARGUMENT

The Defendant is not entitled to a review of his detention because he has not provided the court with any new information that is material to the relevant statutory factors to consider release. Such a recommendation should not qualify as information not known to the movant at the time of the previous hearing under § 3142(f) because the underlying information behind his request for inpatient treatment was known at the time of the previous detention hearings.

In *United States v. Dillon*, the First Circuit Court of Appeals reviewed a district court's denial of a defendant's motion to reopen the detention hearing under § 3142(f). 938 F.2d 1412 (1st Cir. 1991). The district court had

> rejected [the defendant's] contention that [several additional] letters and affidavits [the defendant had gathered after the detention hearing] were 'information … not known to the movant at the time of the hearing' because the letters and affidavits themselves were not in existence at the time of the hearing.

*Id*. at 1415.[2] The district court also pointed out that the defendant had "sufficient time to obtain the affidavits and letters" prior to the first hearing. *Id*. The appellate court affirmed the district court's decision to deny the defendant's motion to reopen the detention hearing. The appellate court noted that, "numerous relatives and friends of [the defendant] had shown up for [the detention hearing], lending support to the court's finding that the *information* contained in the affidavits and letters was indeed available to appellant at the time of the hearing." *Id*. (emphasis in original).

Another court, citing *Dillon*, noted that, while the case law

> seem[s] to suggest that section 3142(f) only requires some material change of circumstances in order to reopen a detention hearing[, i]t is important to note that, if it is clear that *the information relied upon by the movant actually was known and available at the time of the original detention hearing*, the proffered evidence will be deemed irrelevant in the context of the motion to reopen.

*United Stats v. Bradshaw*, F.Supp.2d, 2000 WL 1371517, fn. 1 (D.Kan. July 20, 2000) (emphasis added) (citing *Dillon*, 938 F.2d 1412, and *U.S. v. Hare*, 873 F.2d 795, 799 (5th Cir. 1991) (affirming district court's decision not to reopen detention hearing based on

proffered testimony of defendant's family members and a friend, because the proffered information was not new)).

Therefore, the question is whether a "new" recommendation for an inpatient treatment program qualifies as a material change in circumstances sufficient to reopen the issue of detention where the Defendant's history of substance abuse and previous failed attempts at treatment while on supervised release that were known to the Defendant and put before the Court at the previous detention hearings. The United States contends that it should not.

The underlying information of the Defendant's substance abuse and attempts at treatment was known and available to the Defendant at the time the previous detention hearings. In fact, the Court even addressed the Defendant's substance abuse and treatment history during the last hearing with the Court's on April 1, 2024. (Docket Number No. 115).

Furthermore, the recommendation is not material to the 3142(g) factors. The Defendant knew about his substance abuse history and requested the option of inpatient treatment at the first detention hearing and a subsequent hearing. It is only because of the Defendant's own behaviors that he is currently not on supervised release in a treatment program. He was already given two opportunities to comply with two separate treatment programs and he failed to complete both which demonstrates that he is an unmanageable risk of danger to the community.

The Defendant has failed to demonstrate how another inpatient treatment program would be material to 3142(g) factors by explaining how this program would be any

different from the previous two. The underlying information, his substance abuse and treatment history, hasn't changed and is not new. Therefore, merely getting a recommendation for another treatment program, where the Defendant has already had the benefit of similar inpatient treatment programs, should not qualify as information not known to the movant at the time of the original hearing material to the factors under 3142(g).

Even if the court finds grounds to reopen detention. Release is still not appropriate under the 3142(g) factors because we will be having the same arguments from previous detention hearings. The Defendant has shown he is unwilling to comply with supervised release conditions, and he has not shown how this program would be different and adequately address compliance and public safety concerns. The Court should find that the Defendant has failed to meet his burden of production to reopen the detention hearing and deny the Defendant's motion.

RESPECTFULLY SUBMITTED, November 8, 2024.

TRINA A. HIGGINS
United States Attorney

/s/ *Kelsy Young*
KELSY YOUNG
Special Assistant United States Attorney